**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-24965 MER |
| JOSE MANUEL ROSALES ) | |
| VITA VALLE ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| PEDRO BARRAGAN ) | Adversary No. 12-01661 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSE MANUEL ROSALES and ) | |
| VITA VALLE ) | |
| ) | Signed/Docketed |
| Defendants. ) | April 5, 2013 |

**ORDER**

THIS MATTER comes before the Court on the *Motion for Summary Judgment* ("Motion to Dismiss") filed by Defendant Vita Valle ("Valle"), the Response thereto filed by Plaintiff Pedro Barragan ("Barragan"), and the Reply filed by Valle. The instant matter requires the Court to unravel the procedural morass created by these parties. At issue is whether the claims asserted against Valle should be dismissed for failure to state a claim upon which relief may be granted. The Court notes Defendant Jose Manuel Rosales ("Rosales" and, collectively with Valle, the "Debtors") also filed a Motion for Summary Judgment, which will be addressed by separate order.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J), as it involves determinations of the dischargeability of a particular debt and of an objection to discharge.

**BACKGROUND**

On or about June 1, 2010, Rosales obtained a 100% ownership interest in a business known as El Centenario Night Club Inc. ("El Centenario"). El Centenario was a bar/night club operating at 1490 Weld County road 27, Brighton, Colorado. On November 11, 2011, Rosales as seller and Barragan as buyer executed a document titled "Contract of Sale" for the purported sale of El Centenario to Barragan in exchange for $25,000 ("Contract"). There is no allegation or evidence Valle was involved in this alleged transaction at any time.

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on July 17, 2012. In their Statement of Financial Affairs, the Debtors disclosed a former ownership interest in El Centenario beginning September 25, 2010 and ending May 2, 2012.[1] The Statement of Financial Affairs does not indicate whether Rosales or both Rosales and Valle ever held an ownership interest in El Centenario. On their Schedule F, the Debtors listed a total of ten unsecured creditors, including Barragan, "for notice purposes only" each with unknown claim amounts in connection with "El Centenario Nightclub."[2] The Court notes the Debtors indicated with a "J" both Debtors may be jointly liable for each of these ten claims. This may have led to the confusion of whether Valle is liable for the debt, if any, owed to Barragan.

On the same date, the Court entered its *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines*, stating *inter alia* the presumption of abuse under 11 U.S.C. § 707(b)[3] does not arise in the Debtors' bankruptcy case.[4] On August 16, 2012, the duly appointed Chapter 7 trustee filed her Report of No Distribution, and subsequently, the Court entered its Order discharging the Debtors on October 31, 2012.[5] The Debtor's underlying bankruptcy case was closed on December 5, 2012.

---

[1] Chapter 7 Case No. 12-24965-MER (Docket No. 1).

[2] *Id.*

[3] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[4] Chapter 7 Case No. 12-24965-MER (Docket No. 4). The Notice clearly states "**[i]f the presumption of abuse arises**, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances." *Id.* (emphasis added).

[5] Chapter 7 Case No. 12-24965-MER, Docket No. 18.

Barragan timely filed his Complaint in this proceeding on October 15, 2012. However, the precise relief requested in the Complaint is unclear. Barragan's Complaint contains a heading for a single claim for relief under 11 U.S.C. § 707(b) for denial of the Debtors' discharge for substantial abuse.[6] The Complaint also contains a single general allegation "[t]he debt owed to the creditor by the debtor is non-dischargeable under 11 U.S.C. § 523(a)(2)."[7] In addition, the prayer for relief seeks entry of a judgment in Barragan's favor and against the Debtors denying a discharge pursuant to § 727(a)(3) and (4).[8] Although the Complaint does not articulate any clear claim for relief, it appears Barragan alleges Rosales fraudulently represented to Barragan he owned El Centenario at the time the Contract was executed. What is clear in the Complaint is Barragan fails to allege Valle was in any way involved in the alleged fraud.

On November 13, 2012, the *pro se* Debtors filed a Answer along with a Motion to Dismiss the Adversary Proceeding. After obtaining counsel in this proceeding and leave from this Court to amend their Answer, the Debtors filed an Amended Answer, admitting only jurisdiction, venue and Barragan's standing to commence this proceeding.[9] The Amended Answer denies all other allegations in the Complaint.[10] The Debtors raised a single affirmative defense in the Amended Answer: failure to state a claim upon which relief may be granted.

## DISCUSSION

Pursuant to this Court's Scheduling Order, the parties were permitted to file dispositive motions by March 29, 2013. "All dispositive motions are subject to L.B.R. 7007-1 and 7056-1."[11] The Scheduling Order also states failure to comply with the procedures set forth in the Local Bankruptcy Rules and the Scheduling Order may result in denial of the relief requested and/or sanctions for failing to comply. Both Motions to Dismiss were filed within the specified deadline.

---

[6] *See* Complaint, at p.3 (Docket No. 2). The Complaint also cites an obsolete General Procedural Order from 1984.

[7] *Id.* at ¶ 17.

[8] *Id.* at ¶ 26 and prayer for relief.

[9] *See* Amended Answer (Docket No. 12).

[10] *See id.*

[11] Scheduling Order, at ¶ 3 (Docket No. 26).

### A.   Timeliness of Motion to Dismiss Under Rule 12(b)(6).

FED. R. CIV. P. 12(b)(6), incorporated by FED. R. BANKR. P. 7012(b), provides in pertinent part as follows:

> **(b) How to Present Defenses**. Every defense to a claim for relief in any pleading **must** be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
>
> . . .
>
>    (6) failing to state a claim upon which relief can be granted;
> . . .
>
> A motion asserting any of these defenses **must be made before pleading if a responsive pleading is allowed**.[12]

"Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer."[13]

Here, the Amended Answer contains the failure to state a claim as an affirmative defense, and was therefore raised contemporaneously with the Amended Answer.  Although Valle captioned her motion as a "Motion for Summary Judgment" the relief requested is dismissal of all claims against Valle for failure to state a claim upon which relief may be granted.  In light of the plain statutory language of FED. R. CIV. P. 12(b)(6), the Court finds the Motion to Dismiss is untimely.

### B.   Untimely Filed Motions to Dismiss May Be Treated as Motion for Judgment on the Pleadings Under Rule 12(c).

   1.   *Standard for Dismissal Under Rule 12(b)(6).*

When timely filed, a motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint assuming all the factual allegations in the

---

[12] FED. R. CIV. P. 12(b)(6) (emphasis added).

[13] *Stevens v. Showalter*, 458 B.R. 852, 856 (D. Md. 2011) (citing FED. R. CIV. P. 12(b)(6)); *see also In re Gen. Purpose Steel, Inc.*, 469 B.R. 602 (Bankr. W.D. Pa. 2012) (denying Rule 12(b)(6) motion to dismiss as untimely when filed only minutes after the answer); *In re Morrison*, 421 B.R. 381 (Bankr. S.D. Tex. 2009) (denying Rule 12(b)(6) motion to dismiss as untimely when filed after answer).

complaint are true.[14] In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face.[15] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16] The complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level."[17] The court must still accept the facts alleged in the complaint as true, even if they are doubtful,[18] and it must make all reasonable inferences in favor of the plaintiff.[19]

In conjunction with this standard, the Court also looks to FED. R. CIV. P. 8. Rule 8 sets forth the general rules for pleadings and "requires only 'a short and

---

[14] *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief."). *See also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007), noting how the *Bell Atlantic* case changed the standard under FED. R. CIV. P. 12(b)(6):

> In *Bell Atlantic*, the Supreme Court stated that the old standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp.*, 127 S.Ct. at 1968-69. Although the Supreme Court was not clear on the articulation of the proper standard for a Rule 12(b)(6) dismissal, its opinion in *Bell Atlantic* and its subsequent opinion in *Erickson v. Pardus*, ___ U.S.___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), suggest that courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. *See Iqbal v. Hasty*, 490 F.3d 143 (2nd Cir. 2007) (considering *Bell Atlantic* and *Erickson* and concluding that a "plausibility" standard was what the Supreme Court intended).

*Alvarado*, 493 F.3d at 1215, n.2.

[16] *Bell Atlantic*, 550 U.S. at 555.

[17] *Bell Atlantic*, 550 U.S. at 555-56. *See also Official Committee of Unsecured Creditors v. Blomen, et al. (In re Hydrogen, LLC)*, 431 B.R. 337, 345 (Bankr. S.D.N.Y. 2010).

[18] *Bell Atlantic*, 550 U.S. at 555-556.

[19] *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[20]

### 2. Standard for Judgment on the Pleadings Under Rule 12(c).

Rather than deny an untimely motion to dismiss under FED. R. CIV. P. 12(b)(6), "[a]lternatively, a court may at its option elect to construe an untimely Rule 12(b)(6) motion as one for judgment on the pleadings under Rule 12(c)[,]"[21] because pursuant to FED. R. CIV. P. 12(h)(2), the Debtors retain the right to raise the defense of failure to state a claim by filing a motion under FED. R. CIV. P. 12(c) or by asserting the defense at trial. Although the Motion to Dismiss was not timely, in exercising its wide discretion, the Court finds it appropriate to consider the Motion to Dismiss applying the standards of a motion for judgment on the pleadings, rather than addressing the matter at trial. The Court finds cause to proceed at this time because the Complaint and Barragan's Response to Valle's Motion to Dismiss contain insufficient facts to state a claim for relief against Valle under the Rule 12(c) standards.

FED. R. CIV. P. 12(c), incorporated by FED. R. BANKR. P. 7012(b), provides "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."[22] "[J]udgment on the pleadings under Rule 12(c) is a drastic remedy that courts should otherwise use sparingly."[23] Generally, courts "review a dismissal on the pleadings pursuant to FED. R. CIV. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal."[24] Judge Babcock for the United States District Court for the District of Colorado explained:

---

[20] *Bell Atlantic*, 550 U.S. at 570 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The *Bell Atlantic* decision abrogated *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atlantic*, 550 U.S. at 562–63.

[21] *In re Gen. Purpose Steel, Inc.*, 469 B.R. 602, 604 (Bankr. W.D. Pa. 2012) (citing *Stevens v. Showalter*, 458 B.R. at 856).

[22] FED. R. CIV. P. 12(c).

[23] *Aberkalns v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009) (citing *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F.Supp. 1048, 1049 (D. Colo. 1985)).

[24] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

> **A Rule 12(c) motion is directed at the same question as a Rule 56 motion — whether any genuine issue of fact is presented.**
> However, the 12(c) motion is restricted to the content of the pleadings. . . . A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the case can be achieved by focusing on the content of the pleadings.
>
> . . .
>
> In a 12(c) motion, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. For purposes of the motion, the court must take the well-pleaded factual allegations in the non-movant's pleading as true. *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991).[25]

Within this well established framework, "a court should determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief."[26]

As additional independent support for utilizing the summary judgment standard for Rule 12(b)(6) motions, "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."[27] Therefore, the same standards under Rule 56 are appropriate in examining the instant Motion to Dismiss.

    3.    *Standard for Summary Judgment Under Rule 56.*

FED. R. CIV. P. 56 provides the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that

---

[25] *Mullaney v. Albertson's, Inc. (In re Mullaney)*, 179 B.R. 942, 945 (D. Colo. 1995) (emphasis added); *see also In re Preston*, 10-27257 MER, 2011 WL 4704230, at *2-3 (Bankr. D. Colo. 2011) (citing *Mullaney*).

[26] *Aberkalns*, 633 F. Supp. 2d at 1233 (citing, e.g., *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[27] FED. R. CIV. P. 12(d).

the moving party is entitled to a judgment as a matter of law."[28] A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."[29] When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[30] The movant bears the initial burden of establishing summary judgment is appropriate.[31]

### C.   Valle's Motion to Dismiss, Barragan's Response, and Valle's Reply

*1.   The Subject Pleadings.*

On February 8, 2013, Valle filed her Motion to Dismiss, seeking dismissal of Valle as a defendant in this proceeding for failure to state a cause of action upon which relief may be granted. Specifically, Valle asserts Barragan failed to allege Valle had any interest in or involvement with the subject transaction between Rosales and Barragan. Valle attached an Affidavit in support of her Motion to Dismiss, and her Motion to Dismiss complies with L.B.R. 7056-1. According to her Affidavit, Valle never owned El Centenario, nor has she ever been a stockholder or member of El Centenario.[32] Valle has never met, nor does she know Barragan.[33] Valle never attended any meeting wherein the sale of El Centenario was discussed or consummated.[34] Further, Valle was not a party to the Contract.

Barragan did not timely file a response to Valle's Motion to Dismiss pursuant to L.B.R. 7056-1(e). After the Court ordered to do so, Barragan filed his Response to Valle's Motion to Dismiss. In summary, Barragan argues without factual support as follows: 1) pursuant to COLO. REV. STAT. § 14-6-110, married parties are liable for family expenses; 2) Valle and Rosales are married

---

[28] FED. R. CIV. P. 56(A); FED. R. BANKR. P. 7056.

[29] FED. R. CIV. P. 56(c)(1)(A).

[30] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[31] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[32] Exhibit A to Valle's Motion to Dismiss, Valle Affidavit, at ¶ 5.

[33] Exhibit A to Valle's Motion to Dismiss, Valle Affidavit, at ¶ 6.

[34] Exhibit A to Valle's Motion to Dismiss, Valle Affidavit, at ¶ 7.

and are liable for all family expenses; 3) the funds Barragan allegedly paid to Rosales, if any, qualify as a family expense under Colorado law; 4) because Valle, as the wife of Rosales, indirectly benefitted from receiving the alleged money obtained from Barragan, Valle is liable to repay the money under COLO. REV. STAT. § 14-6-110.  Barragan also alleges for the first time Rosales may have fraudulently transferred funds to Valle.  The Court is unpersuaded by these unsupported arguments.[35]

Furthermore, even with the broadest construction, the Court finds Barragan's Response does not remotely comply with L.B.R. 7056-1 or the Court's Scheduling Order.  In addition to the failure to comply with L.B.R. 7056-1(b), Barragan failed to attach a supporting affidavit or a single document to the Response as required by L.B.R. 7056-1(c).  Barragan did not even bother to controvert any statements of material facts as set forth by Valle.  Thus, each numbered paragraph in Valle's statement of material facts shall be deemed admitted.  Therefore, the Court finds no genuine issues of material fact with respect to Valle's Motion to Dismiss, and her Motion to Dismiss may be determined as a matter of law.

The Court notes Valle did not seek leave to file her Reply to Barragan's Response pursuant to L.B.R. 7056-1(e). However, in light of Barragan's failure to timely file his Response until ordered to do so, and the Court permitting a late response, the Court will also permit and consider Valle's Reply.  In her Reply, Valle states Barragan failed to counter any of the undisputed facts supported by Valle's Affidavit, and failed to provide a single citation to any legal authority supporting the assertions made in the Response.  Valle also seeks sanctions under FED.R.BANKR.P. 9011 against counsel for Barragan for filing a "frivolous" response to Valle's Motion to Dismiss.

 2. *Plausibility of the Complaint.*

In light of the above standards, the Court is confined to the content of the Complaint, the Amended Answer, Valle's Motion to Dismiss, Barragan's Response and Valle's Reply in its determination of the relief requested by

---

[35] Barragan's citation to Colo. Rev. Stat. § 14-6-110 is entirely misplaced.  This statute addresses joint liability for family expenses in the context of nonsupport and desertion in Colorado domestic matters, and states "[t]he expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." COLO. REV. STAT. § 14-6-110.  This provision has no applicability to the instant matter pending before the U.S. Bankruptcy Court for the District of Colorado.

Valle.[36] As set forth above, it is unclear as to what relief Barragan is seeking in his Complaint. Most troubling to this Court, it appears Barragan and his counsel are unaware of the distinctions between an objection to the dischargeability of a particular debt, and an objection to a discharge. In any event, Barragan cited generally to four different provisions of the Bankruptcy Code. This leaves the Court with determining whether, if Barragan's allegations are true, it is plausible and not merely possible that Barragan is entitled to relief against Valle under §§ 523(a)(2), 707(b), 727(a)(3) and/or 727(a)(4).

Taking all the Complaint's facts as true and making all reasonable inferences in favor of Barragan, the Court determines the Complaint contains insufficient facts to state any claim for relief against Valle that is plausible on its face. In addition, the Court concludes the Complaint, the Amended Answer, the Motion to Dismiss, and Barragan's Response demonstrate no triable issue of material fact with respect to Valle. Thus judgment on the pleadings is appropriate with respect to Valle.

The Court agrees with Valle's Motion to Dismiss, at best the Complaint contains only four paragraphs that could be construed to even apply to Valle. Those paragraphs read as follows:

> 20. The Defendant [sic] are individual debtors.
>
> 21. The Defendants' debts are primarily "consumer debts" as defined in 11 U.S.C. § 101(8) and the case law cited thereunder and under 11 U.S.C. § 707(b).
> . . .
>
> 24. The discharge of said debt should be denied because to allow the Defendants to be granted the relief offered under Chapter 7 under such circumstances would be to allow an abuse of the provisions of this chapter. Defendant Rosales' sale of a business in which he had no ownership interest is indicative of bad faith, as well as fraud.
> . . .
>
> 26. The Defendants should be denied a discharge of the debt under Chapter 7, owed to the Plaintiff, of the United States Bankruptcy Code pursuant to 11 u.s.c. § 727(a) (3) and (a) (4) for the reasons set forth above.[37]

---

[36] *Mullaney*, 179 B.R. at 945; *see also In re Preston*, 2011 WL 4704230, at *2-3.

[37] Complaint, at ¶¶ 20, 21, 24, 26.

The Debtors denied these allegations in their Amended Answer.[38]

Moreover, the Complaint does not articulate a claim for relief or even plead the essential elements of §§ 523(a)(2), 707(b), 727(a)(3) or 727(a)(4). The Complaint does not contain any factual grounds tying Valle to the elements of Barragan's claim(s). Further, the Complaint as drafted does not contain any allegations sufficient to put Valle (or this Court) on notice of what relief he is seeking against Valle. Therefore, even viewing the Complaint in the light most favorable to Barragan, the four allegations above are insufficient to state a claim for relief against Valle that is plausible on its face.

In addition, Barragan's Response to Valle's Motion to Dismiss is not a verified motion, no affidavits were attached, and no supporting documentation or exhibits were attached. Therefore, the Response has no factual support and Barragan cannot carry his burden of proof with blanket allegations against Valle. Accordingly, the Court finds dismissal of all claims against Valle is warranted and the Motion to Dismiss must be granted.

   2.   *Valle's Request for Sanctions.*

With respect to Valle's request for an award of sanction for Barragan's filing of an improper pleading in a bankruptcy case, this Court looks to FED. R. BANKR. P. 9011. The purpose of Rule 9011 is to deter baseless filings and avoid abuse of the judicial process.[39] In addition, as recently noted by Judge Brown:

> Rule 9011 contains a "safe harbor" requirement. It requires presentation to the alleged violator of a separate motion asserting a Rule 9011 violation and then waiting 21 days before filing the motion to allow the perpetrator to withdraw the challenged paper, claim, or defense. FED. R. BANKR. P. 9011(c)(1)(A). This safe harbor requirement is strictly applied in federal court, such that a failure to comply with it results in rejection of a motion for sanctions. *Roth v. Green*, 466 F.3d 1179, 1192–93 (10th Cir. 2006); *Bergquist v. Caskie–Johnson (In re Caskie–Johnson)*, 2007 WL 496675, at *3 (D. Colo. Feb. 13, 2007). Strict enforcement serves the policies behind the safe harbor requirement: "(1) to protect litigants from sanctions whenever possible in order to mitigate Rule 9011's chilling effect; (2) to formalize procedural due process considerations such as notice; and (3) to encourage withdrawal of papers that violate the rule without

---

[38] Answer, at ¶ 9.

[39] *McCabe v. Harmes (In re Harmes)*, 423 B.R. 678, 681 (Bankr. D.N.M. 2010) (citations omitted).

involvement of the trial court, thereby streamlining the litigation process." *In re Caskie–Johnson*, 2007 WL 496675 at *4.[40]

The Tenth Circuit, moreover, has unequivocally stated "[s]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected."[41]

Here, there is no indication Debtors' counsel presented Barragan's counsel with a proposed sanctions motion before filing Valle's Reply, or at any time during the pendency of the Debtors' Motions for Summary Judgment. The request for sanctions only indicated counsel conferred on two occasions, but does not indicate the Debtors notified Barragan's counsel of any alleged Rule 9011 violation prior to the filing of the Reply requesting sanctions, thereby affording counsel an opportunity to dismiss the subject action. Therefore, in the absence of strict compliance with the "safe harbor" provision, the request for sanctions under Rule 9011 must be denied.[42]

Although the Court is denying sanctions, the Court is concerned with the pleadings executed by counsel for Barragan, which border on malfeasance. With respect to Valle, the Complaint lacks substance and support with respect to any claim asserted against Valle. Worse, Barragan's Response to Valle's Motion to Dismiss is without any merit and indeed would qualify as a frivolous pleading, but for the requirement of strict compliance with the safe harbor provision described above. The Court cautions Barragan and his counsel to refrain from filing pleadings in the future which fail to comply with the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the orders of this Court. The Court will not tolerate Barragan's non-compliance with such rules, particularly when Barragan offers no applicable legal authority in support of his positions and allegations. Although the Court declines to impose sanctions at this time as set forth above, this Order is deemed to put Barragan and his counsel on notice of potential sanctions should Barragan continue filing pleadings in violation of such rules.

---

[40] *Advanced Coatings International, Inc. v. Johnson (In re Johnson)*, 485 B.R. 642, 649 (Bankr. D. Colo. 2013).

[41] *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (finding motions for sanctions should have been denied because they were not filed until after the district court had dismissed the complaint).

[42] However, the Court notes even if it could be said Rule 9011 sanctions were warranted, the measure of sanctions would not be necessarily the attorneys' fees and costs incurred by the Debtors, but rather "the least severe sanction adequate to deter and punish the [offender]." *White v. General Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990).

**CONCLUSION**

For the reasons stated above,

IT IS ORDERED Valle's Motion to Dismiss (Docket No. 21) is GRANTED. All claims against Defendant Vita Valle are hereby DISMISSED WITH PREJUDICE, and Valle is dismissed as a defendant in this proceeding. The captions for all future pleadings in this proceeding shall remove reference to Valle as a defendant.

Dated April 5, 2013                                BY THE COURT:

                                                   Michael E. Romero
                                                   United States Bankruptcy Judge